IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| RICHARD A. DUNSMORE, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:18-CV-167-BQ |
| MARSHA MCLANE, *TCCO Executive* ) | ECF |
| *Director*, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the court is Plaintiff Richard A. Dunsmore's "Motion for a Temporary Restraining Order [and]/or Preliminary Injunction" filed on July 23, 2018. ECF No. 6. Dunsmore alleges in this motion that the Texas Civil Commitment Center (TCCC) has restricted postal and telephonic communication between himself and "Felicia (Dunsmore) Richardson," the other purported plaintiff in this case, in a way that "deprives them of their liberty" in violation of the Constitution. *Id.* at 2; *see* ECF No. 1, at 3. After considering Dunsmore's motion and the applicable law, the court recommends that the motion should be **DENIED** without prejudice to Dunsmore's right to request injunctive relief in the future should circumstances change.

### I.  Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state civil commitment[1] facility, "appropriate consideration must be given to

---

[1] This standard applies directly to injunctions relating to official conduct in state prisons and county detention centers. The court recognizes that civilly committed persons are not prisoners, and their rights may differ from those of prisoners. *See Bohannan v. Doe*, 527 F. App'x 283, 289–90 (5th Cir. 2013) (per curiam) (holding that the Prison

1

principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

To secure an injunction or temporary restraining order, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987).

## II. Analysis

Dunsmore has not carried his burden with respect to any of the foregoing elements, including demonstrating a substantial likelihood of success on the merits of his § 1983 case or a substantial threat of irreparable injury if the court does not grant relief. Civilly committed persons have a First Amendment right to communicate with others by mail. *Bohannan*, 527 F. App'x at

---

Litigation Reform Act does not apply to civilly committed sex offenders because they "are not prisoners," in accord with other circuits); *In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005) (emphasizing that civil commitment "is a civil matter"). Nevertheless, this Circuit and other courts have addressed civil rights lawsuits from civilly committed individuals within the same substantive framework as similar suits brought by prisoners. *See, e.g., Smith v. Hood*, No. 17-60122, 2018 WL 3825705, at *4 (5th Cir. Aug. 10, 2018) (citing *Youngberg v. Romero*, 457 U.S. 307, 316 (1982) for the proposition that Due Process rights that survive criminal incarceration "must also survive involuntary commitment"); *R.R. v. N.J. Dep't of Corr.*, 962 A.2d 563 (N.J. Super. Ct. App. Div. 2009) (upholding a visitation policy at a civil commitment center that was identical to the same policy at state prisons). This court thus evaluates the likelihood of Dunsmore's success on the merits by applying the same substantive standards to his case as would apply in a similar case brought by a prisoner.

2

294–95 (citing *Rivera v. Rogers*, 224 F. App'x 148, 151 (3d Cir. 2007) (per curiam)). Institutional officials, however, may restrict this right through reasonable limitations and requirements "so long as they advance the state's interest in security, order, and rehabilitation." *Id.* at 294 (citing *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012)). In cases involving prisoners, officials may prohibit correspondence among prisoners altogether. *Turner v. Safley*, 482 U.S. 78, 91–93; *see also Farrell v. Peters*, 951 F.2d 862, 682–83 (2d Cir. 1992) (ruling that correspondence between imprisoned plaintiff and his imprisoned "common law wife" could be banned for safety reasons). Reasonable restrictions on mail to and from civilly committed sexually violent predators have withstood First Amendment scrutiny. *Rivera*, 224 F. App'x at 151; *Ahlers*, 684 F.3d at 64–65 (applying *Turner v. Safley* in the civil-facility context). To demonstrate a substantial likelihood of success on a cognizable First Amendment claim, Dunsmore must allege facts and produce evidence showing that TCCC's restrictions on his communication with Richardson[2] were made pursuant to a policy not reasonably related to a legitimate penological objective. *Bohannan*, 527 F. App'x at 294–95 (citing *Rivera*, 224 F. App'x at 151); *see Brewer v. Wilkinson*, 3 F.3d 816, 824–25 (5th Cir. 1993) (adopting standard set forth in *Turner*, 482 U.S. at 89–91).

Nothing in Dunsmore's pleadings suggests that he would be able to demonstrate an unreasonable restriction on his communication. In fact, by his own admission, "detention in an institution necessitates a withdrawal of full enjoyment of constitutional rights," and "state officials may place some reasonable restrictions on" the right to communication by mail. *See* ECF No. 1, at 4. The record in this case, as presently developed, arguably shows that any restrictions imposed

---

[2] It is unclear from Dunsmore's pleadings what relationship Richardson has to Dunsmore. Nothing in the record indicates that they are married or related by blood; however, the court need not determine Richardson's relationship with Dunsmore to rule on his pending motion.

3

by TCCC were reasonable and, more importantly, it fails to demonstrate a substantial likelihood that Dunsmore can prove any such restrictions were unreasonable.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court deny Dunsmore's request for injunctive relief (ECF No. 6).

### IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 27, 2018

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE